**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| JENNIFER TAWATER, | **CV 18-47-GF-BMM** |
| Plaintiff, | |
| vs. | |
| | **ORDER** |
| HEALTH CARE SERVICE CORPORATION, a MUTUAL LEGAL RESERVE CORPORATION, d/b/a/ BLUE CROSS BLUE SHIELD OF MONTANA, | |
| Defendants. | |

**INTRODUCTION**

Jennifer Tawater filed a Complaint against Health Care Services Corporation d/b/a Blue Cross and Blue Shield of Montana ("BCBSMT") on February 26, 2018. (Doc. 1.) Tawater alleges underpayment of medical benefits under an employee welfare benefit plan ("the Plan") administered by BCBSMT. *Id.* at 2. The Employee Retirement Income Security Act of 1974 ("ERISA") governs the Plan.

BCBSMT filed the instant Motion to Dismiss on April 30, 2018. (Doc. 12.) The Court conducted a motion hearing on June 25, 2018. (Doc. 35.) The Court requested both parties submit supplemental briefing on the effect that assignment

1

under the Plan has on Tawater's standing to sue BCBSMT. *Id.* Tawater filed her

supplemental brief on July 6, 2018. (Doc. 36.) BCBSMT filed its brief on July 16,

2018. (Doc. 37.)

## BACKGROUND

Tawater was admitted to Mercy Medical Center in Williston, North Dakota

on July 9, 2014. (Doc. 27 at 7.) The attending emergency room physician

determined that Tawater needed to be transferred to Trinity Hospital in Minot,

North Dakota. *Id.* Guardian Flight, Inc. ("Guardian") transported Tawater from

Williston to Minot on July 10, 2014. (Doc. 28-2 at 2.) Guardian is an out-of-

network medical transport provider. (Doc. 13 at 3.) Guardian billed Tawater

$43,881.92 for the transport from Williston to Minot. (Doc. 28-3 at 2.)

The Plan administered by BCBSMT insured Tawater at all relevant times.

(Doc. 13 at 4.) The Plan required Tawater to submit her transport claim to

BCBSMT "no later than 12 months from the date of service." (Doc. 13-1 at 50.)

BCBSMT sent Tawater's father an Explanation of Benefit ("EOB") on July 28,

2014. (Doc. 28-3 at 2.) The EOB indicated that the total allowed amount for the

transport under the Plan was $13,222.44. *Id.* The EOB noted that Tawater

remained responsible to Guardian for the unpaid amount of $30,659.48. *Id.*

Tawater signed Guardian's transport agreement before the transport on July

10, 2014. (Doc. 28-2 at 2.) The transport agreement assigned Tawater's right of

payment to Guardian. *Id*. Tawater's transport agreement with Guardian states, in pertinent part, as follows: "I request that payment of authorized Medicare, Medicaid or other insurance benefits to be made on my behalf to Guardian Flight. I assign Guardian Flight all right, title and interest in all benefit plans from which my dependents or I are entitled to recover." *Id*.

The Plan permitted Tawater to assign her right of payment to a medical provider. The Plan's assignment provision reads as follows:

> All Plan benefits are payable to a Participant, Qualified Beneficiary or Alternate Recipient, whichever is applicable. All or a portion of the benefits payable by the Plan may, at the Covered Person's option and unless the Covered person requests otherwise in writing not later than the time of filing the claim, be paid directly to the health care provider rendering the service, if proper written assignment is provided to the Plan. No payments will be made to any provider of services unless the Covered Person is liable for such expenses.

(Doc. 13-1 at 106.)

The Plan likewise established a statute of limitations period. The Plan's limitations provision provides as follows:

> No action at law or equity will be brought to recover on the Plan prior to the expiration of sixty (60) days after proof of loss has been filed in accordance with the requirements of the Plan, nor will such action be brought at all unless brought within three (3) years from *the expiration of the time within which proof of loss is required* by the Plan.

*Id.* (emphasis added).

The July 28, 2014, EOB explained that Tawater or her authorized representative could "appeal the decision within 180 days from the receipt" of the EOB if Tawater disagreed with the "denial or partial denial of a claim." (Doc. 29-3 at 3.) Guardian filed a timely appeal of BCBSMT's adverse benefit determination on September 15, 2014. (Doc. 28-4 at 2.) BCBSMT denied Tawater's appeal on October 24, 2014. (Doc. 29-6 at 2.) Tawater, through her counsel, subsequently sent BCBSMT a letter restating Tawater's appeal on February 1, 2017. (Doc. 28-9 at 2.) BCBSMT denied Tawater's February 1, 2017, appeal as untimely. (Doc. 28-10 at 2.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court "must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party" when evaluating a Rule 12(b)(6) motion. *Kwan v. Sanmedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). The complaint must allege sufficient facts to state a plausible claim for relief to survive a motion to dismiss. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

Federal courts generally view "with disfavor" Rule 12(b)(6) dismissals. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.3d 208, 213 (9th Cir. 1957). "A

case should be tried on the proofs rather than the pleadings." *Id.* The Court may consider documents on a motion to dismiss "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

## I.    Statute of Limitations Provision

BCBSMT argues that Tawater filed her Complaint after the Plan's three-year statute of limitations period had expired. (Doc. 13 at 10.) The Plan required Tawater to appeal her adverse benefit determination within 180 days of receiving the EOB. (Doc. 34 at 10.) Tawater alleged that she received the EOB in July 2014. *Id.*

BCBSMT argues that the Plan required Tawater "to provide notice that she contested the determination" by January of 2015. *Id.* BCBSMT claims that Tawater's statute of limitation period expired three years after this notice—in January of 2018. *Id.* BCBSMT contends that Tawater's filing of her Complaint in February of 2018—one month after the limitations period had expired—bars consideration of her claims. *Id.*

Tawater agrees that the Plan provides a three-year statute of limitations period to file a complaint. (Doc. 27 at 28.) Tawater notes, however, that the Plan's statute of limitation period accrues at "*the expiration of the time within which proof*

5

*of loss is required*." *Id.* (citing Doc. 13-1 at 106) (emphasis added). Tawater interprets "the expiration of the time within which proof of loss is required," as used in the Plan, as "no later than 12 months after the date of service." (Doc. 27 at 28) (citing Doc. 13-1 at 50).

Guardian transported Tawater on July 10, 2014. (Doc. 27 at 28.) Tawater contends that the Plan allowed her to file her proof of loss until July 10, 2015. *Id.* Tawater contends that the expiration of this July 10, 2015, date in which to file her proof of loss triggered the running of the Plan's three-year statute of limitations period. *Id.* at 28-29. Tawater contends, under this interpretation, that the statute of limitations period should have expired on July 10, 2018. *Id.* at 29. Tawater argues that she timely filed her Complaint on February 26, 2018. *Id.*

A claimant generally must file her claim within the statute of limitations period. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013). Statutes of limitations generally "begin to run when the cause of action accrues— that is when the plaintiff can file suit and obtain relief." *Id*. (quoting *Bay Area Luandry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotations omitted). ERISA specifies a statute of limitations period for certain types of claims.

For example, ERISA § 413 provides the following deadline to file a breach of fiduciary duty claim:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of— (1) six years after (A) the date of the last action which constitute a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. ERISA fails to prescribe a statute of limitations period, however, for a cause of action seeking recovery of benefits under Section 502(a)(1)(B). *Heimeshoff*, 571 U.S. at 105.

This omission requires the Court to "determine the applicable limitation period." *Felton v. Unisource Corp.*, 940 F.2d 503, 510 (9th Cir. 1991). A court should apply the most "analogous state statutes of limitations" available unless these state limitations would "frustrate or significantly interfere with federal policies." *Reed v. United Transp. Union*, 488 U.S. 319, 327 (1989). Health plans governed by ERISA constitute contracts. Montana law provides claimants an eight-year statute of limitations period to bring a cause of action based on a contract. Mont. Code Ann. § 27-2-202 (2017).

ERISA likewise fails to establish explicitly when a cause of action accrues under § 502. ERISA requires "plans to provide certain presuit procedures for reviewing claims after participants submit proof of loss (internal review)." *Heimeshoff*, 571 U.S. at 105 (citing 29 U.S.C. § 1133). The Supreme Court

determined that a cause of action accrues under ERISA § 502 when the administrator issues a final denial pursuant to the terms of the plan. *Id*.

The law permits parties, nonetheless, to contract around any applicable statutory statute of limitations period and accrual date. *See Heimeshoff*, 571 U.S. at 106-107; *Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608 (1947). A court ordinarily should enforce a contractual statute of limitations and accrual provisions as written to the extent that the provisions remain reasonable. *Heimeshoff*, 571 U.S. at 106-107; *Wolfe*, 331 U.S. at 608. As a general matter, a statute of limitations period of three years to bring a claim under ERISA proves reasonable. *See, e.g.*, *Heimeshoff*, 571 U.S. at 109-10. Thus, the Plan's three-year statute of limitations agreed by BCBSMT and Tawater supersedes Montana's eight-year statute of limitations period for contracts contained in Montana Code Annotated § 27-2-202. The Plan's three-year statute of limitations period likewise controls over any statutory six-year or three-year statute of limitations period in which to bring an ERISA cause of action for breach of fiduciary duty.

Neither BCBSMT nor Tawater contest the reasonableness of the Plan's three-year statute of limitations provision. BCBSMT and Tawater offer competing interpretations, however, of the triggering event for the running of the statute of limitations under the Plan. BCBSMT contends that a cause of action accrues under

the Plan once the 180-day internal appeal period has expired. (Doc. 34 at 10-11.)

Tawater counters that no cause of action accrues until after the expiration of the

twelve-month period in which a participant must file her claim with BCBSMT.

(Doc. 27 at 28.)

The Plan provides that "[c]laims must be submitted no later than 12 months

from the date of service." (Doc. 13-1 at 50.) The Plan affords a participant 180

days from the issuance of the adverse benefit determination to file an internal

appeal of the denial of benefits. *Id.* at 56. A cause of action accrues on "the

expiration of the time within which proof of loss is required by the Plan." *Id.* at

106. The Plan fails to define the term "proof of loss." The Plan remains ambiguous

as to whether "proof of loss" refers to Tawater's receipt of the air ambulance

transport claim itself or the expiration date of the 180-day internal appeals process.

The Court must construe the ambiguous language in the Plan against

BCBSMT. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995).

Guardian transported Tawater on July 10, 2014. (Doc. 28-2 at 2.) The Plan allowed

Tawater until July 10, 2015, to file her air transport claim with BCBSMT. (Doc.

13-1 at 50.) Tawater's interpretation results in the timely filing of her Complaint

on February 26, 2018, as she had until July 10, 2018—three years after the

deadline for filing her transport claim with BCBSMT—to bring a cause of action

pursuant to the Plan. BCBSMT remains free to resolve this apparent ambiguity in

the Plan's language regarding the proper interpretation of the statute of limitations period. BCBSMT may attempt to develop this statute of limitations defense through further discovery and the filing of a motion for summary judgment pursuant to Rule 56.

## II. Tawater's ERISA Claims

Tawater raises three causes of action under ERISA. Tawater first seeks to recover healthcare benefits under § 502(a)(1)(B). (Doc. 1 at 19-21.) Tawater next raises a cause of action based on an alleged breach of fiduciary duty by BCBSMT under §§ 502(a)(2) and (3). *Id.* at 24-25. Tawater also seeks equitable relief under § 502(a)(3). *Id.* at 22-24. Tawater ultimately alleges that the amount paid by BCBSMT remains inadequate under the Plan as it did not constitute the Usual, Customary, and Reasonable ("UCR") rate for air ambulance services. *Id.* 2, 12-14. Tawater contends that BCBSMT routinely has applied one of the least favorable reimbursement methodologies available under the Plan for air ambulance services. *Id.* at 13.

### A. Statutory Standing under ERISA

BCBSMT contends that Tawater's assignment of her right to payment to Guardian divested her of standing to bring her ERISA claim. (Doc. 37 at 7.) An alleged lack of statutory standing under ERISA presents a question regarding the merits of the claim properly raised on a motion to dismiss. *Vaughn v. Bay*

*Environmental Management, Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009) (citing *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221-22 (11th Cir. 2008). Section 502(a) of ERISA "demonstrates Congress's care in delineating the universe of plaintiffs who may bring certain civil actions." *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 247 (2000).

A party may bring a civil action pursuant to ERISA "by a participant, beneficiary, or fiduciary . . ." or "by the Secretary . . .." 29 U.S.C. §§ 1132(a)(3), (5). ERISA defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). ERISA defines "beneficiary" as a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

A health care provider does not qualify as a "beneficiary" under ERISA. *DB Healthcare,* 852 F.3d at 874. A health care provider "cannot bring claims for benefits on its own behalf." *Spinedex*, 770 F.3d at 1289. A provider stands authorized, however, to bring a derivative claim by "relying on its patients' assignments of their benefits." *Id*. A provider possess standing under ERISA if at

the "time of the assignment, Plan beneficiaries had the legal right to seek payment directly from the Plan for charges" by the provider. *Id*. at 1291.

A BCBSMT health plan insured Tawater. (Doc. 13-1 at 1.) NorthWestern Energy, her father's employer, provided the Plan. (Doc. 1 at 4.) Tawater qualifies as a beneficiary under the Plan. 29 U.S.C. § 1002(8). Tawater likewise qualifies as a participant under the Plan. 29 U.S.C. § 1002(7). Tawater assigned her right of payment to Guardian on July 10, 2014. (Doc. 28-2 at 2.) At the time of assignment, Tawater possessed a legal right to seek payment directly from BCBSMT for the cost of Guardian's transport. *See Spinedex*, 770 F.3d at 1291.

The Plan allowed Tawater's assignment of her right of payment to Guardian. (Doc. 13-1 at 106.) Tawater's assignment of her right of payment, however, did not automatically divest her of standing under ERISA. The Plan further provided the following regarding assignment:

> [a]ll or a portion of the benefits payable by the Plan may, at the Covered Person's option and unless the Covered person requests otherwise in writing no later than the time of filing the claim, be paid directly to the health care provider rendering the service, if proper written assignment is provided to the Plan."

*Id*.

BCBSMT notified Tawater on July 28, 2014, that BCBSMT had paid $13,222.44 of Tawater's transport claim. (Doc. 28-3 at 2.) Nothing in the Complaint alleges that Tawater provided BCBSMT with "proper written assignment" of Tawater's right of payment to Guardian. *See* (Doc. 13-1 at 106.)

Nothing in the Complaint alleges that BCBSMT directly paid Guardian the amount allowed under the Plan for Tawater's transport claim.

Tawater's mere assignment of her right of payment to Guardian fails to extinguish her status as a beneficiary or participant under the Plan absent BCBSMT's receipt of proper written assignment. Tawater's assignment to Guardian does not divest her of standing under ERISA at the motion to dismiss phase of the instant litigation. BCBSMT remains free to develop further this issue through discovery and the filing of a motion for summary judgment pursuant to Rule 56.

### B. Exhaustion of Administrative Remedies

Standing alone proves insufficient to bring a claim under ERISA. An ERISA claimant must exhaust her administrative remedies before bringing her claims in federal court. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008). Tawater contends that exhaustion of administrative remedies constitutes an affirmative defense "typically not resolved upon a motion to dismiss." (Doc. 27 at 15.) Tawater further contends that either she or her authorized representatives "pled exhaustion beyond a mere speculative level." (Doc. 27 at 15.)

### 1. Exhaustion as an Affirmative Defense

The Ninth Circuit initially treated a motion to dismiss for failure to exhaust administrative remedies as an unenumerated motion to dismiss. *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1088 (9th Cir. 2012). An unenumerated motion to dismiss allows the Court "to look beyond the pleadings and decide disputed issues of fact." *Id*. The Ninth Circuit since has called into question whether a party properly raises a failure to exhaust defense as an unenumerated motion to dismiss in *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (*en banc*).

The Ninth Circuit determined in *Albino* that "a failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Albino*, 747 F.3d at 1162 (citation omitted). The Ninth Circuit reasoned that in the "rare event" where the failure to exhaust administrative remedies "is clear on the face of the complaint, the defendant may move for dismissal under Rule 12(b)(6)." *Id*. The Ninth Circuit noted, however, that where the failure to exhaust proves unclear on the face of the complaint the "defendants must produce evidence proving a failure to exhaust in order to carry their burden." *Id*. Rule 56 entitles the defendant to judgment as a matter of law if the undisputed evidence shows a failure to exhaust administrative remedies. *Id*.

*Albino* dealt with exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA"). *Id*. at 1166. District courts have agreed that the Ninth Circuit's reasoning in *Albino* applies to failure to exhaust in the ERISA context. *See, e.g., Russell v. CVS Caremark Corporation*, 2017 WL 1090677, at *3 (D. Ariz. March 23, 2017); *Norris v. Mazzola*, 2016 WL 1588345, at *6 (N. D. Calif. April 20, 2016). The Northern District of California and the District of Arizona reasoned that the Ninth Circuit in *Albino* "implicitly overruled prior cases such as *Biyeu*." *Russell*, 2017 WL 1090677 at *3 (*referencing Norris*, 2016 WL 1588345 at *6). The Court agrees with the Northern District of California and the District of Arizona. An alleged failure to exhaust administrative remedies constitutes an affirmative defense under ERISA. *See Russell*, 2017 WL 1090677 at *4. A motion to dismiss "based on a failure to exhaust in the ERISA context must be treated as ordinary Rule 12(b)(6) motions in which disputed issues of fact cannot be resolved and all reasonable inferences must be drawn in the plaintiff's favor." *Russell*, 2017 WL 1090677 at *3.

### 2. Exhaustion of Remedies in Tawater's Complaint

"ERISA itself does not require a participant or beneficiary to exhaust administrative remedies in order to bring an action under § 502 of ERISA." *Vaught*, 546 F.3d at 626. The Ninth Circuit has adopted a "prudential exhaustion requirement." *Id*. This requirement generally forces a claimant to "exhaust

available administrative remedies" before filing an ERISA claim in federal court. *Barboz v. California Ass'n of Professional Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011). The Court possesses the "authority to enforce the exhaustion requirement in suits under ERISA, and as a matter of sound policy [the Court] should usually do so." *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980).

The Court should intercede, however, when exhausting administrative remedies would be futile or the remedy would be inadequate. *Winterberger v. General Teamsters Auto Truck Drivers and Helpers Local Union 162*, 558 F.2d 923, 925 (9th Cir. 1977). The Court also must intercede "where a plan fails to establish or follow reasonable claims procedures as required by ERISA." *Vaught*, 546 F.3d at 626. "[B]are assertions of futility are insufficient to bring a claim within the futility exception, which is designed to avoid the need to pursue an administrative review that is demonstrably doomed to fail." *Diaz v. United Agr. Employee Welfare Ben. Plan and Trust*, 50 F.3d 1478, 1485 (9th Cir. 1995).

The Court must draw all reasonable inferences in Tawater's favor. Tawater plead the following in her Complaint:

> 23. To the best of her ability, Plaintiff and her authorized representatives challenged the "Adverse Benefit Determination," which left her with a balance due of approximately $30,659.48.

> 24. Despite appeals concerning the underpayment, Defendant BCBSMT refused to pay the proper amount for the emergency services and impermissibly shifted the risk under its health contract to Plaintiff, so that she was left owing approximately 70% of the provider's charges.

26. Defendant has denied Plaintiff's claim for appropriate and correct payment, and Plaintiff is deemed to have exhausted all administrative remedies, pursuant to relevant Department of Labor regulations and the Patient Protection and Affordable Care Act. Accordingly, this case is ripe for adjudication, or alternatively, given Defendant's practice of underpaying emergency air ambulance transports, pursuing further internal administrative remedies is futile.

(Doc. 1 at 5-6.) Tawater's failure to exhaust her administrative remedies remains unclear from the face of the Complaint. BCBSMT must produce evidence that proves that Tawater failed to exhaust her administrative remedies. *See Albino*, 747 F.3d at 1162; *Russell*, 2017 WL 1090677, at *3-4. A Rule 56 motion for summary judgment, rather than a Rule 12(b)(6) motion to dismiss, represents the appropriate vehicle for BCBSMT to produce such evidence.

## C. Joinder of Guardian

Tawater requests, as a practical matter, that "the most judicially economical route" would be for Tawater to seek leave to join Guardian as an additional plaintiff pursuant to Rule 19. (Doc. 36 at 3.) An entity must be joined as a party when the Court deems it necessary to the litigation. Fed. R. Civ. P. 19. An entity proves necessary if (1) in that entity's absence, the court cannot accord complete relief among existing parties; or (2) that entity claims an interest relating to the subject of the action and is so situated that disposing of the action in the entity's absence may either impair or impede the entity's ability to protect the interest or

leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a).

Guardian's presence does not prove necessary to the instant litigation. The Court can afford complete relief to Tawater without adding Guardian to the litigation. Tawater's status as a beneficiary or a participant of the Plan affords her standing to bring this action. 29 U.S.C. §§ 1002(7), (8). Guardian also lacks an interest in the action that "is so situated that disposing of the action in [Guardian's] absence" will "either impair or impede" Guardian's "ability to protect the interest." Fed. R. Civ. P. 19(a).

Guardian asserts an interest in being paid for its transport of Tawater. Tawater's presence as the only plaintiff in this litigation would not defeat Guardian's interest in being paid. Moreover, Guardian filed suit against BCBSMT in this Court on July 9, 2018. *See Guardian Flight, Inc. v. Health Care Service Corporation*, No. CV 18-98-GF-BMM. Joinder of Guardian as a party to the instant litigation proves unnecessary.

### D. Breach of Fiduciary Duty Claim

BCBSMT contends that Tawater's breach of fiduciary duty claim "fails as a matter of law because it is based solely on his individual benefits determination." (Doc. 13 at 12.) BCBSMT contends that Tawater failed to plead any "facts

regarding a larger, systematic breach of fiduciary obligations or alleged how the relief she seeks would benefit the plan as a whole." *Id.*

Tawater argues that she stated a claim upon which relief may be granted under ERISA §§ 502(a)(2) and (3). (Doc. 27 at 29.) Tawater claims that she seeks to "change how her plan fiduciaries administer her plan." *Id.* at 30. Tawater further contends that she seeks to compel BCBSMT to act in accordance with its obligation under 29 U.S.C. § 1104 when selecting the "most favorable methodology" for resolving air ambulance transport claims presented by Tawater and other Plan participants. *Id.*

"A fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA*." Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 141 (9th Cir. 1988) (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)). "Individual beneficiaries may bring fiduciary actions against the plan fiduciaries, but they must do so for the benefit of the plan and not their individual benefit." *Cinelli v. Security Pacific Corp.*, 61 F.3d 1437, 1445 (9th Cir. 1995) (citing *Farr v. US West*, 58 F.3d 1361, 1364 (9th Cir. 1995)).

BCBSMT cites to *Smith v. William C. Earhart Co, Inc.*, 2008 WL 1743443, at *8 (D. Mont. Apr. 15, 2008), a case where the district court dismissed the plaintiffs' claim for breach of fiduciary duties because it was based on a denial of

individual benefits rather than for the plan's benefit. The district court in *Smith* determined that the plaintiffs had failed to allege that the relief sought would benefit the plan as a whole. 2008 WL 1743443 at *8. The district court concluded that the plaintiffs had failed to state a breach of fiduciary duty claim under § 502(a)(2) of ERISA. *Id.*

Tawater's claim proves distinguishable from the plaintiffs' claim in *Smith*. Tawater pleads several claims that allege a larger, systematic breach by BCBSMT rather than an isolated incident inflicted upon Tawater. *See* (Doc. 1 at ¶¶ 31-33, 47, 55, 59-60, 63-67, 77-78, 96-98, 114.) Tawater alleges, for example, that BCBSMT has an "established and implemented a policy to underpay claims for air ambulance transport . . ." even though BCBSMT's plans provide payment methodologies more favorable to ERISA plan participants. (Doc. 1 at ¶ 31.) Tawater also alleges that BCBSMT's application of the Plan's air ambulance methodologies "results in a significant portion of the cost of emergency healthcare being shifted back onto the ERISA participants." *Id.* at ¶ 33.

Tawater contends that BCBSMT "has orchestrated a policy to unduly hamper the processing of claims in violation of its fiduciary obligations" pursuant to 29 U.S.C. § 1104. *Id.* at ¶ 77. Tawater next alleges that BCBSMT has admitted that "it does not use the most favorable payment methodology in resolving the claims of participants." *Id.* at ¶ 98. And finally, Tawater alleges that BCBSMT

"has administered the Plan in such a manner as to unduly obstruct the processing of valid claims. *Id.* at ¶ 114. The relief sought by Tawater would benefit all members of the Plan. Tawater sufficiently has stated a claim for breach of fiduciary duty pursuant to § 502(a)(2) to survive a Rule 12(b)(6) motion.

### E. Equitable Relief Claim

BCBSMT requests that the Court dismiss Tawater's claim for equitable relief. (Doc. 13 at 13.) BCBSMT contends that Tawater's claim for equitable relief under § 502(a)(3) duplicates her claim for recovery of benefits under § 502(a)(1)(B). *Id.* at 14. Tawater contends that Federal Rule of Civil Procedure 8(a)(3) authorizes her to plead alternative forms of relief. (Doc. 27 at 31.)

"A pleading that states a claim for relief must contain . . . a demand for relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). A plaintiff may plead § 502(a)(1)(B) and § 502(a)(3) "as alternative—rather than duplicative—theories of liability." *Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016). Alternative claims made pursuant to § 502(a)(1)(B) and § 502(a)(3) of ERISA "may proceed simultaneously so long as there is no double recovery." *Id.* (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997)). ERISA essentially permits a plaintiff to raise a claim under § 502(a)(1)(B) and a claim under § 502(a)(3) when the plaintiff pleads "distinct remedies." *Moyle*, 823 F.3d at 961.

Tawater requests, under her § 502(a)(1)(B) claim, that the Court enter "judgment in her favor against Defendant BCBSMT in an amount to be determined, plus costs, interest, and attorney fees, and any other relief to which Plaintiff is entitled." (Doc. 1 at 21.) Tawater requests, under her § 502(a)(3) claim, "equitable relief as set forth above against Defendant BCBSMT, including injunctive relief, plus costs, interest, and attorney fees, equitable disgorgement, declaratory relief, and any other relief to which Plaintiff is entitled." *Id.* at 24.

Tawater fashions her second claim as a request for injunctive and declaratory relief. *Id.* at 22-24. A decision in Tawater's favor on her claim for injunctive and declaratory relief would afford her the same relief as requested under Tawater's § 502(a)(1)(B) claim – a recovery of benefits. *See Circle v. Western Conference of Teamsters Pension Trust*, 2017 WL 4102490 at *3 (D. Or. Aug. 31, 2017). ERISA bars this type of potential duplicative recovery with separate claims under § 502(a)(1)(B) and § 502(a)(3).

No equitable remedy would be available to Tawater if she prevails on her § 502(a)(1)(B) claims. *Moyle*, 823 F.3d at 962. *Moyle* does not permit Tawater to recover under both statutes. Tawater seeks the same recovery under each claim— the award of benefits, plus costs, interests and attorney fees. Tawater's § 502(a)(3) claim must be denied.

## CONCLUSION

Tawater timely filed her Complaint on February 26, 2018. Tawater possesses standing to bring her claims under ERISA based on her status as a beneficiary or a participant of the Plan. 29 U.S.C. §§ 1002(7), (8). Tawater, or her authorized representative, sufficiently alleged exhaustion of her administrative remedies in her complaint to survive a motion to dismiss under the Rule 12(b)(6) standard. Tawater likewise sufficiently alleged that the relief sought under her breach of fiduciary duty claim would benefit the plan as a whole rather than simply provide a means to recover her own benefits. ERISA prevents Tawater, however, from bringing a duplicative claim for the recovery of benefits pursuant to her claim for injunctive and declaratory relief under § 502(a)(3). BCBSMT remains free to pursue all denied claims in a motion for summary judgment pursuant to Rule 56.

## ORDER

Accordingly, IT IS ORDERED that BCBSMT's Motion to Dismiss (Doc. 12) is DENIED IN PART and GRANTED IN PART.

IT IS FURTHER ORDERED that Harris's claim for equitable relief under ERISA § 502(a)(3) is DISMISSED WITH PREJUDICE.

DATED this 3rd day of December, 2018.

_____

Brian Morris
United States District Court Judge